IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN RAPAI, individually and on behalf of a class of persons similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 16 cv 10546 |
| v. | ) ) | |
| LAWRY'S THE PRIME RIB, INC., and LAWRY'S RESTAURANTS, INC. | ) ) ) | Jury Trial Demanded |
| Defendants. | ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Robin Rapai ("Plaintiff"), individually and on behalf of a class of persons similarly situated, by her attorneys, James X. Bormes and Catherine P. Sons, complains against Defendants Lawry's The Prime Rib, Inc., and Lawry's Restaurants, Inc. (collectively, "Defendants"), as follows:

INTRODUCTION

1. Plaintiff is a current employee of Defendants who works as a server at the well-known restaurant Defendants own and operate in downtown Chicago known as Lawry's. Plaintiff filed this class and collective action lawsuit because Defendants did not pay her for activities she was required to perform away from the restaurant. Since approximately the fall of 2013, Defendants have required Plaintiff and other similarly situated employees to study materials related to the operation of the restaurant, such as food and beverage items available to customers (the "Written Materials"), while off-the-clock and without pay. Defendants provide the Written Materials to their servers approximately every two weeks and then require their servers to take a written test. Defendants purportedly assign work schedules based in part on how Plaintiff and other servers

perform on the test. While the amount of uncompensated time each employee studied the written materials was frequently about two to three hours every two weeks, the savings for Defendants is significant. Plaintiff seeks class certification of her claims under Illinois law brought on behalf of similarly situated Illinois employees, and collective action certification on behalf of Defendants' hourly employees.

## THE PARTIES AND JURISDICTION

2. Plaintiff, on behalf of herself and all other similarly situated employees, brings this action to recover from Defendants unpaid minimum and/or overtime wages, liquidated damages, statutory penalties, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (the "FLSA") (Count I) and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. (the "IMWL") (Count II).

3. Jurisdiction is conferred by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), on the basis of federal question jurisdiction, as the matter concerns an action arising under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court as the illegal conduct alleged herein occurred in this district.

5. Plaintiff Rapai is a resident of Villa Park, Illinois and is a current non-exempt employee of Defendants. Plaintiff works at Defendants' restaurant located in Chicago, Illinois, as a server.

6. Defendant Lawry's The Prime Rib, Inc. is an Illinois corporation. Defendant's business involves, among other things, operating a restaurant known as "Lawry's The Prime Rib" and a so called gastropub named "SideDoor", both of which are located in Chicago, Illinois.

2

7. Upon information and belief, Defendant Lawry's Restaurants, Inc. is a California corporation which owns and/or operates several "Lawry's The Prime Rib" restaurants, including locations in Chicago, Illinois; Beverly Hills, California; Las Vegas, Nevada; and Dallas, Texas.

8. At all relevant times, each Defendant has been an "employer" as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

9. At all relevant times, Plaintiff has been an "employee" of Defendants, as such term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

## DEFENDANTS' PRACTICE OF REQUIRING THEIR EMPLOYEES TO WORK OFF-THE-CLOCK

10. Defendants have a practice of requiring their hourly employees, including Plaintiff, to perform tasks that are integral to the employees' work for Defendants while the employees are "off-the-clock".

11. Defendants require Plaintiff and others similarly situated to study the Written Materials while the employees are at home or otherwise away from the restaurant, and Defendants later test the employees on the study materials. Examples of the materials Defendants require their employees to study offsite is attached hereto as Exhibit 1.

12. Because the employees do not and cannot study the Written Materials while at Defendants' restaurants, Defendants' practice requires Plaintiff and other similarly situated employees to perform the study work while the employees are off-the-clock.

13. Defendants' practice of requiring their employees to perform such work while the employees are "off-the-clock" causes the employees to work without pay (the "Unpaid Study Work").

14. Defendants' insistence that Plaintiff and others similarly situated perform the Unpaid Study Work without compensating them causes Plaintiff and others similarly situated to work "off-the-clock" and without pay, in violation of the FLSA and the IMWL.

15. Defendants' failure to compensate Plaintiff and others similarly situated for all time worked for Defendants has caused Plaintiff and others similarly situated to suffer harm.

16. Plaintiff and others similarly situated are entitled to receive the proper amount of compensation for all time they worked, including time "off-the-clock".

17. Defendants did not accurately record all time Plaintiff and others similarly situated worked and specifically did not include time these employees spent performing the Unpaid Study Work, which work is integral and indispensable to the job duties of Plaintiff and others similarly situated.

18. Defendants did not pay Plaintiff and others similarly situated to perform this and other integral and indispensable tasks.

19. The net effect of Defendants' policies and practices, instituted and approved by company managers, is that Defendants willfully failed to pay minimum wage and overtime compensation to Plaintiff and others similarly situated, and willfully failed to keep accurate time records to save payroll costs. Defendants thus enjoyed ill-gained profits at the expense of their hourly employees.

### DEFENDANTS' FAILURE TO PAY PROPER MINIMUM AND/OR OVERTIME WAGES TO THEIR HOURLY EMPLOYEES

20. Defendants' practice of requiring certain of their employees, including Plaintiff and other non-exempt, hourly employees, to perform the Unpaid Study Work while Plaintiff and other hourly employees were "off-the-clock", has caused and continues to cause Plaintiff and other similarly situated hourly employees to work "off-the-clock" and without pay for such work

performed, in violation of Section 6 of the FLSA, 29 U.S.C. § 206, and Section 4 of the IMWL, 820 ILCS § 105/4.

21. Defendants' practice of requiring certain of their employees to perform the Unpaid Study Work while they were "off-the-clock" in some instances has caused and continues to cause Plaintiff and other similarly situated hourly employees to work in excess of forty hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207, and Section 4a of the IMWL, 820 ILCS § 105/4a.

22. Defendants' failure to compensate their non-exempt, hourly employees with the full amount of the applicable minimum wage or overtime wage has caused Plaintiff and other similarly situated non-exempt employees to suffer harm.

23. Defendants' non-exempt, hourly employees are entitled to compensation for all time they worked "off-the clock" and without pay in any given workweek.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings Count I of this Complaint as a collective action on behalf of herself and all other current and former hourly employees of Defendants who Defendants required to perform the Unpaid Study Work described herein.

25. Plaintiff's Counsel seeks to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendants as employees who were compensated, in part or in full, on an hourly basis in Illinois at any time between November 11, 2013 and the present who did not receive the full amount of minimum wages and/or overtime wages earned and owed to them as a result of Defendants' Unpaid Study Work practice.

26. There are questions of law or fact common to the employees described in paragraph 25.

27. Plaintiff is similarly situated to the employees described in paragraph 25, as Plaintiff's claims are typical of the claims of those persons.

28. Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in paragraph 25.

29. This is not a collusive or friendly action. Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and her counsel will fairly and adequately protect the interests of the persons described in paragraph 25.

30. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

31. At all relevant times, Defendants employed Plaintiff and the persons described in paragraph 25.

32. At all relevant times, Defendants paid Plaintiff and the persons described in paragraph 25 to work.

33. At all relevant times, each Defendant has been an "employer" as defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

34. At all relevant times, Plaintiff and the persons described in paragraph 25 have been "employees" of Defendants as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## CLASS ACTION ALLEGATIONS

35. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and all other current and former hourly employees of Defendants who worked for Defendants in Illinois and were required to perform the Unpaid Study Work described herein.

36. Plaintiff seeks certification of the following class pursuant to Count II:

All persons who worked for Defendants as employees who were compensated, in part or in full, on an hourly basis in Illinois at any time between November 11, 2013 and the present who did not receive the full amount of minimum wages and/or overtime wages earned and owed to them as a result of Defendants' Unpaid Study Work practice (the "IMWL Class").

37. There are questions of law or fact common to the employees described in paragraph 36.

38. Plaintiff is similarly situated to the employees in paragraph 36 as Plaintiff's claims are typical of the claims of those persons.

39. Plaintiff believes that the number of employees who fall within the class definition as set forth in paragraph 36 exceeds 40. Therefore, the number of persons in the putative IMWL Class is so numerous that joinder of all members is impracticable.

40. Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in paragraph 36.

41. This is not a collusive or friendly action. Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and her counsel will fairly and adequately protect the interests of the persons described in paragraph 36.

42. A class action is the most appropriate method for the fair and efficient resolution of the matters alleged in Counts II.

43. At all relevant times, Defendants employed Plaintiff and the persons described in paragraphs 36.

44. At all relevant times, Defendants paid Plaintiff and the persons described in paragraph 36 to work.

7

## COUNT I – FLSA

45. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 34 as Paragraph 45 of this Count I.

46. Plaintiff and the members of the class described in paragraph 25 seek to recover from Defendants unpaid minimum wages and/or overtime wages, liquidated damages, attorneys' fees, and costs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216.

47. During the relevant period, and at Defendants' request, Plaintiff and the other members of the class described in paragraph 25 performed labor for Defendants.

48. In exchange for said labor, Defendants promised to pay and were otherwise obligated to pay Plaintiff and each other member of the class described in paragraph 25 the applicable minimum wage for all hours worked up to forty hours in any given workweek, and time and a half for all hours worked in excess of forty hours in any given workweek.

49. Plaintiff and the other members of the class described in paragraph 25 are entitled to be paid at least minimum wage for all hours worked and time and a half for all hours worked in excess of forty hours per workweek pursuant to Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206, 207.

50. Defendants have failed to pay Plaintiff and the other members of class described in paragraph 25 minimum wage and the full amount due for all overtime hours worked, because Defendants did not pay them for the Unpaid Study Work described herein, in violation of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206, 207.

51. Defendants' violation of the FLSA was willful.

52. Plaintiff and the other members of the class described in paragraph 25 have been damaged by not being paid minimum wage and/or overtime wages due to them for all time worked

in excess of forty hours per workweek, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff demands a trial by jury on this and all counts so triable, and prays that this Court award her the following relief under Count I: (a) grant Plaintiff's counsel leave to send notice of this lawsuit to the members of the class described in paragraph 25 and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216; (b) award Plaintiff and all persons who opt-in all unpaid minimum or overtime wages they earned, plus liquidated damages; (c) award Plaintiff and all persons who opt-in their attorneys' fees and costs; and (d) grant such further relief as this Court deems equitable and just.

## COUNT II – ILLINOIS MINIMUM WAGE LAW

53. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 23 and 35 through 44 as Paragraph 53 of this Count II.

54. Plaintiff, individually and on behalf of all others similarly situated, seeks to recover from Defendants unpaid minimum and overtime wages, statutory penalties, attorneys' fees, and costs pursuant to Section 12(a) of the Illinois Minimum Wage Law, 820 ILCS § 105/12(a).

55. At all times relevant, each Defendant has been an "employer" as that term is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c).

56. At all times relevant, Plaintiff and the members of the putative IMWL Class have been "employees" of Defendants, as that term is defined by Section 3(d) of the IMWL, 820 ILCS § 105/3(d).

57. At all times relevant, and at Defendants' request, Plaintiff and the members of the putative IMWL Class performed labor for Defendants.

58. Defendants' practice of requiring Plaintiff and the members of the putative IMWL Class to work for Defendants but failing to pay the full amount of minimum wages for such time worked up to forty hours per workweek has resulted in Plaintiff and the members of the putative IMWL Class not being paid the full amount of minimum wages owed to them, in violation of Section 4 of the IMWL, 820 ILCS § 105/4.

59. Defendants' practice of requiring Plaintiff and the members of the putative IMWL Class to work for Defendants in excess of forty hours per workweek but failing to pay them 1.5 times their hourly rate for such time worked has resulted in Plaintiff and the members of the putative IMWL Class not being paid the full amount of overtime wages owed to them, in violation of Section 4a of the IMWL, 820 ILCS § 105/4a.

60. Plaintiff and the members of the putative IMWL Class have been damaged by not being paid the proper amount of minimum and/or overtime wages due to them, in an amount not presently ascertainable, for the relevant time period.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury on this and all counts so triable, and prays that this Court award her the following relief under Count II: (a) certify the class defined in paragraph 36 pursuant to Fed. R. Civ. p. 23; (b) award Plaintiff and the members of the putative IMWL Class all unpaid minimum and overtime wages they earned, plus statutory penalties; (c) award Plaintiff and the members of the putative IMWL Class their attorneys' fees and costs; and (d) grant such further relief as this Court deems equitable and just.

Dated: November 11, 2016

        ROBIN RAPAI, individually and on behalf of a class of persons similarly situated

        /s/ James X. Bormes
        One of Plaintiff's Attorneys

James X. Bormes
Catherine P. Sons
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Suite 2600
Chicago, Illinois 60603
(312) 201-0575